RECEIPT NUMBER
53 2267

ORIGINAL

10

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

SARA CAMARA,

    Plaintiff,

-vs-

HARVARD COLLECTION SERVICES, INC., and
NELSON MACWAN

    Defendants.

JUDGE : Cleland, Robert H.
DECK  : S. Division Civil Deck
DATE  : 10/05/2005 @ 15:17:09
CASE NUMBER : 2:05CV73818
CMP SARA CAMARA V. HARVARD
COLLECTION SVC, SI TAM

**DEMAND FOR JURY TRIAL**

---

Adam G. Taub (P48703)
Julie Ann Petrik (P47131)
Lyngklip & Taub Consumer Law Group, PLC
Attorneys for Sara Camara
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790

---

## **COMPLAINT & JURY DEMAND**

### **JURISDICTION**

1.    This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2.    This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

1

## PARTIES

3. The Plaintiff to this lawsuit is Sara Camara who resides in Dexter, MI 48130.

4. The Defendants to this lawsuit are as follows:

   a. Harvard Collection Services, Inc. ("Harvard"), a corporation which also does business as Northern Credit Services, and whose resident agent, The Prentice-Hall Corporation System, Inc., maintains its office at 601 Abbott Road, East Lansing, MI 48823.

   b. Nelson Macwan, ("Macwan") a debt collector and employee of Harvard.

## VENUE

5. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

6. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Some time prior to September 14, 2005, Harvard was engaged by a creditor to collect a debt allegedly owed by Sara Camara.

8. Harvard sent a collection letter to Mr. Camara dated September 14, 2005. The collection letter identifies two different entities as the creditor for the account, specifically Bank One and Chase Bank USA, N.A ("Chase").

9. The collection letter contains false information.

10. Mr. Camara is not responsible for the account, and Chase as well as Harvard have actual and imputed knowledge of that fact.

11. On September 15, 2005, a Nelson Macwan from Harvard telephoned Mr. Camara at his work place to collect on the account.

12. Mr. Camara told Mr. Macwan the following:

   a. that it was not a valid debt and he had resolved it directly with Chase;

   b. that he was at work and could not discuss the matter;

   c. that he was represented by an attorney in the matter and all communications about the matter should be directed toward his attorney; and

   d. he provided Mr. Macwan with the name and phone number of his attorney.

13. Mr. Macwan did not discontinue the telephone call, but rather continued to harass and embarrass Mr. Camara.

14. In spite of having been informed of the dispute and the fact that Mr. Camara was represented by an attorney, Mr. Macwan continued to demand payment and told Mr. Camara that he would have to *disprove* his obligation on the Chase account, specifically contradicting the notice contained in the September 14, 2005 letter.

15. Mr. Macwan continued to harass Mr. Camara demanding information about his credit history, informing Mr. Camara that he was responsible for the account no matter what, telling Mr. Camara that he – Macwan – was extending a courtesy by allowing Mr. Camara to make installment payments, and being generally rude and harassing in spite of the fact that Mr. Camara repeated to him more than once that he was at work and that he was not allowed to waste his employer's time with lengthy personal calls.

## COUNT I – Fair Debt Collection Practices Act (Harvard and Macwan)

16. Mr. Camara incorporates the preceding allegations by reference.

17. At all relevant times Harvard – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Harvard is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Macwan is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Harvard and Macwan have engaged in violations of the FDCPA including, but not limited to the following:

    a. Harvard and Macwan – without the prior consent of the consumer given directly to Harvard and Macwan or the express permission of a court of competent jurisdiction – Harvard and Macwan communicated with Mr. Camara in connection with the collection of a debt at unusual or inconvenient, times or places in violation of 15 U.S.C. §1692c(a)(1).

    b. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, Harvard and Macwan communicated with Mr. Camara with the knowledge that Mr. Camara was represented by an attorney.

    c. Harvard and Macwan used generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692c.

4

    d.    Harvard and Macwan made a false representation of-- (A) the character, amount, or legal status of the debt; or (B) any services rendered or compensation which may be lawfully received by Harvard for the collection of the debt, in violation of 15 U.S.C. §1692e(2).

    e.    Harvard and Macwan used false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning Mr. Camara, in violation of 15 U.S.C. §1692e(10).

    f.    Harvard and Macwan used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

    g.    Harvard and Macwan collected an amount without express authorization under the agreement creating the debt or other statutory authority in violation of 15 U.S.C. 1692(f)(1).

    h.    Harvard and Macwan's demand for payment improperly misstated Mr. Camara's rights thereby rendering the validation notice relating to the debt in violation of 15 U.S.C. §1692g.

    i.    Harvard and Macwan failed to accurately identify the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g.

21.    Mr. Camara has suffered damages as a result of Harvard's and Macwan's violations of the FDCPA.

## COUNT II – Michigan Occupational Code (Harvard)

22. Mr. Camara incorporates the preceding allegations by reference.

23. Harvard is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Mr. Camara is a debtor as that term is defined in M.C.L. § 339.901(f).

25. Harvard's foregoing acts in attempting to collect this alleged debt against Mr. Camara constitute violations of the Occupational Code including but not limited to the following:

   a. (a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or the stationery of a credit bureau unless it is disclosed that it is the collection department of the credit bureau.

   b. (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

   c. (f) Misrepresenting in a communication with a debtor any of the following:(i) The legal status of a legal action being taken or threatened.   (ii) The legal rights of the creditor or debtor. (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property. (iv) That accounts have been turned over to innocent purchasers for value.

   d. (h) Communicating with a debtor, except through billing procedure, when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's

   representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication.

  e. (n) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary.

26. Mr. Camara has suffered damages as a result of Harvard's violations of the Michigan Occupational Code.

27. Harvard's violations of the Michigan Occupational Code were willful.

## DEMAND FOR JURY TRIAL

28. Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

29. *Accordingly, Mr. Camara requests that the Court grant:*

  a. *Actual damages.*

  b. *Statutory damages.*

  c. *Treble damages.*

  d. *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By: _____
Adam G. Taub (P48703)
Julie Ann Petrik (P47131)
Lyngklip & Taub Consumer Law Group, PLC
Attorneys for Sara Camara
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
adamlaw@pop.net
JPetrik@Pop.Net

Dated: October 4, 2005

JS 44 11/99   **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Washtenaw

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

SARA CAMARA

**DEFENDANTS**

HARVARD COLLECTION SERVIES, INC., and NELSON MACWAN

(b) County of Residence of First Listed   Washtenaw

County of Residence of First Listed _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern Hwy., Ste. 206, Southfield, MI 48075
(248) 746-3790

Attorneys (If Known)

Cleland / MKM
73818

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21:881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injry - Product Liaility | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | | | | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | |
| | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | |
| | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | | | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 670 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff righsn this casue of action for violations of the FDCPA, 15 U.S.C. §1692 and the Michigan Occupational Code, MCL§339.901(b)

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $DEMAND _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY:** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE 10-4-05

SIGNATURE OF ATTORNEY OF RECORD [signature]

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: _____